CHIEF JUSTICE TURNAGE,
dissenting.
By construing ambiguous restrictive covenants broadly, the majority unnecessarily limits the Kreisches’ right to place affordable housing upon their property. This derogates public policy and flies in the face of the rule of construction noted in Newman that ambiguities in a covenant should be strictly construed so as to allow free use of property. I must respectfully dissent.
Unlike in. Newman and Toavs, both of which opinions I signed, the manufactured home in the present case would be permanently attached to a foundation, with the result that it would be taxed as real property. In Newman, the home at issue was attached to a concrete *273 pad and fitted with skirting; in Toavs, the home was placed on cement blocks. Both were taxed as personal property. The contemplated permanent attachment to a foundation removes the Kreisches’ manufactured home from the characterization as a “temporary structure” — the type of housing prohibited under the covenants. I therefore disagree with the majority that Newman and Toavs control.
The District Court concluded that the Kreisches’ manufactured home satisfied the stated purpose of the Fox Farms restrictive covenants to “insure the use of the real property ... for attractive and comfortable suburban residential community for dwellings ... of conventional construction[.]” The court found that the Kreisches’ home “basically, is built using conventional materials, methods, tools and equipment.” The home has 2,100 square feet of living space. The court pointed out that the Kreisches’home has a shingled roof, wood siding, and is constructed with a fully insulated wall frame using 2x6 dimension lumber. The court reasoned that the only material difference between the Kreisches’ home and allowable stick built homes was that the Kreisches’home was built elsewhere and moved onto its foundation rather than being built on top of the foundation. I agree.
At Article IV, USE RESTRICTIONS, Section 1, Residential Use, the Fox Farm covenants allow structures which are erected, “placed,” or permitted upon the subject real property. No mention was made of similar language in the covenants at issue in Newman, Toavs, or Timmerman. Clearly, if one may place a structure on its foundation, it cannot be said that it was not contemplated that structures might be moved either in whole or in part to their homesite for the completion of final construction. If nothing else, the use of the word “placed” creates an ambiguity which must be resolved in favor of the Kreisches.
As the District Court correctly ruled, the plaintiffs have not established a prima facie case that the Kreisches’ home would violate the covenants. I would affirm the decision of the District Court denying the request for a preliminary injunction.
JUSTICE GRAY and JUSTICE HUNT concur in the dissent of CHIEF JUSTICE TURNAGE.